UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| PRESTON BERNARD obo<br>Lynette A. Bernard Estate<br>CHRISTINE BERNARD obo<br>Lynette A. Bernard Estate<br>DAWN BERNARD obo<br>Lynette A. Bernard Estate | CIVIL ACTION NO. 05-0614<br><br>JUDGE MELANÇON |
| VS. | |
| COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION

Before the court is an appeal of the Commissioner's decision finding that Lynette Bernard was properly paid benefits. Considering the administrative record, the briefs of the parties, and the applicable law, it is **RECOMMENDED** that the Commissioner's decision to calculate benefits beginning in 1998 be **AFFIRMED** and that Bernard's appeal of the Commissioner's decision not to re-open a prior application be **DISMISSED** for lack of subject matter jurisdiction.

### *Background*

Born on July 29, 1950, Lynette Bernard ("Bernard") was 51 years old when she died on December 14, 2001. Bernard's husband and estate have been substituted as plaintiff. On January 11, 1999, Bernard filed an application for disability insurance benefits, alleging disability due to diabetes, right leg amputation below the knee, and vision, kidney, and thyroid problems.[1] After an initial denial and administrative hearing, the ALJ determined that Bernard was disabled as of August 12, 1983 because the severity of the symptoms associated her diabetes precluded

---

[1] Tr. 53.

her from working.[2] Accordingly, in April, 2000, the Social Security Administration ("SSA") notified Bernard of their calculation of the benefits owed to her.[3] The SSA calculated that benefits due for January, 1998 (12 months prior to the date of her application) through March, 2000 (the date of the favorable decision), minus medical insurance premiums and the amount reserved to pay her attorney, equaled $3,362.63, and therefore this amount was forwarded to Bernard. Beginning in April, 2000, Bernard also began receiving monthly benefit payments of $132.40.

On May 23, 2000, Bernard filed a Request for Reconsideration alleging that the computation of benefits was incorrect because the start date should have been 1983 (the onset date).[4] On January 29, 2002, the SSA sent a detailed explanation of the calculation of benefits.[5] Bernard requested an administrative hearing, contending that the amount of past benefits paid was incorrect.[6]

On March 1, 2004, an administrative hearing was held, during which the ALJ explained that benefits can be paid no earlier than 12 months before the filing of the application and that was the basis for the SSA's calculation. Counsel for Bernard advised, and Bernard's husband and daughter testified, that they thought she had filed for benefits on numerous occasions and that the calculation should be based on one of the earlier applications. On April 29, 2004, the

---

[2] Tr. 235.

[3] Tr. 250-251.

[4] Tr. 268-272.

[5] Tr. 273-276.

[6] Tr. 277-280.

ALJ issued an decision upholding the calculation of benefits.[7] The ALJ noted that the SSA records indicated that Bernard had only filed two applications: one in 1999 and the other in 1993. The ALJ concluded that there was no basis for reopening the 1993 application. Thus, the earliest point for calculating benefits was 12 months prior to the January, 1999 application, i.e., January, 1998. Bernard appealed the decision to the Appeals Council, arguing that the benefits should have been calculated beginning in 1983. The Appeals Council denied the request for review, noting that "Computer records indicate that Ms. Bernard filed only one application prior to her application of January 11, 1999; on November 1993, she filed an application for supplemental security income with a protective filing date of September 14, 1993, and the Social Security Administration denied that application for medical reasons." The Appeals Council determined that the 1993 application could not be re-opened and therefore, "entitlement is based on the application of January 11, 1999, as the Administrative Law Judge found."[8] Bernard timely filed this appeal.

## *Issue Presented*

Bernard maintains that the Commissioner erred in finding that she was only entitled to benefits beginning in January, 1998 even though she was found disabled as of August, 1983.

---

[7] Tr. 19-22.

[8] Tr. 4.

*Findings and Recommendation*

**Start Date For Benefits**

The regulations provide that when a claimant files for benefits after she is eligible for benefits, the calculation of the amount owed begins twelve months prior to the date of the application:

> § 404.621 **What happens if I file after the first month I meet the requirements for benefits?**
>
> (a) *Filing for disability benefits and for old-age, survivors', or dependents' benefits.* (1) If you file an application for disability benefits, widow's or widower's benefits based on disability, or wife's, husband's, or child's benefits based on the earnings record of a person entitled to disability benefits, after the first month you could have been entitled to them, you may receive benefits for up to 12 months immediately before the month in which your application is filed. Your benefits may begin with the first month in this 12-month period in which you meet all the requirements for entitlement.

In her brief, Bernard maintains that since she was found disabled as of 1983, the calculation of benefits should have been retroactive to that date. However, the regulations clearly set forth that regardless of the onset date of disability, the calculation of benefits is centered around the date of the application. Here, Bernard's application was filed in January, 1999, and therefore the ALJ correctly concluded that Bernard was entitled to benefits retroactive to January, 1998.[9]

**Re-opening Prior Application and Judicial Review**

Bernard could have had obtained benefits prior to January, 1998 if she had filed an earlier application and the Commissioner had re-opened the application in order to allow for the

---

[9] Bernard also notes that the SSA reserved an amount of her benefits to pay her attorney, however, her attorney has not received the payment. The Commissioner responds that the reason the attorney has not been paid is because he has not filed the necessary paperwork. Counsel for Bernard does not dispute this contention, and thus the undersigned has not addressed the issue further.

calculation of benefits to begin 12 months prior to the earlier application. Bernard argues that applications were filed repeatedly throughout the 1980s and 1990s, however, there is no proof of such filings. Moreover, the Commissioner noted that the only prior application was one in September, 1993. The Commissioner determined that the conditions for re-opening 1993 application were not met, and therefore, it denied Bernard's request to re-open the prior application.

Bernard filed this appeal under 42 U.S.C. §405(g), essentially challenging the refusal of the Commissioner to re-open the prior application. The court's review is restricted under 42 U.S.C. §405(g) to two inquiries: (1) whether the Commissioner's final decision is supported by substantial evidence in the record; and (2) whether the final decision comports with relevant legal standards. Carey v. Apfel, 230 F.3d 131, 136 (5th Cir. 2000); Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir.1992); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). The Supreme Court has stated that section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977).

In Califano, the Court considered whether federal district courts have subject matter jurisdiction in actions seeking judicial review of a Commissioner's final decision refusing to re-open a claim for Social Security benefits. The court unanimously concluded that absent a colorable constitutional claim, such jurisdiction is absent. The court found no implied grant of subject-matter jurisdiction in either the Administrative Procedure Act, or in Sections 205(g) and 205(h) of the Social Security Act. *See also* Robertson v. Bowen, 803 F.2d 808 (5th Cir. 1986)("federal courts have no subject matter jurisdiction to review a decision by the Secretary

not to reopen a case").

Bernard has not alleged a constitutional violation. Bernard's entire argument is that the Commissioner erred in not awarding her benefits prior to 1998. An award of benefits prior to 1998, required the re-opening of a prior application. Thus, Bernard's argument amounts to a challenge of Commissioner's decision not to re-open Bernard's prior application. As set forth above, the court lacks subject matter jurisdiction to review a decision by the Commissioner not to re-open a case. Thus, Bernard's appeal of this issue should be dismissed.

### *Conclusion*

For the foregoing reasons, it is **RECOMMENDED** that the Commissioner's decision to calculate benefits beginning in 1998 be **AFFIRMED.** It is further **RECOMMENDED** that Bernard's appeal of the Commissioner's decision not to re-open a prior application be **DISMISSED** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

**Douglass v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on _____February 13_____, 2006.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140      FAX 593-5155